IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COREY J. HENRY,**

    Plaintiff,

v.                                                                               Civil Action No. **3:22CV781**

**MAJOR CURTIS DIXON,**

    Defendant.

## MEMORANDUM OPINION

Corey J. Henry, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on Henry's Amended Complaint. (ECF No. 10.) Henry contends that Defendant Dixon used excessive force against his person on October 23, 2020, at the Hampton Roads Regional Jail ("HRRJ"). (*Id.* at 6–7.) Defendant Dixon has moved for summary judgment on the ground that Henry failed to exhaust his administrative remedies. (ECF No. 38.) Henry has not responded. The Motion for Summary Judgment, (ECF No. 38), will be GRANTED.

### I. Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits excessive emphasis in quotations from the parties' submissions. The Court omits any secondary citations in the quotations from the parties' submissions.

the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

Defendant Dixon asks the Court to dismiss Henry's claim against him because Henry failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendant Dixon bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As pertinent here, Defendant Dixon submitted: (1) the affidavit of Lt. Stephen Phillips, (ECF No. 39-1), and (2) the Hampton Roads Regional Jail Inmate Handbook, (ECF No. 39-2). Henry has not submitted any admissible evidence[2] or otherwise responded to the Motion for Summary Judgment.

In light of the foregoing principles and submissions, the following facts are established for the purposes of the pending Motion for Summary Judgment. All permissible inferences are drawn in favor of Henry.

---

[2] Henry's original complaint contains a verification which is substantially similar to that analyzed in *Walker v. Tyler County Commission*, 11 F. App'x 270, 274 (4th Cir. 2001). In *Walker*, the United States Court of Appeals for the Fourth Circuit did not permit such verification to transform the complaint into an affidavit because the complaint did not indicate which factual allegations were based on the plaintiffs' personal knowledge. *Id.* at 274 (explaining that former Federal Rule of Civil Procedure 56(e) required an affidavit opposing a motion for summary judgment to be based on personal knowledge). The Fourth Circuit regarded the complaint as resting on "mere pleading allegations." *Id.*

## II. Relevant Facts

Henry alleges that Defendant Dixon used excessive force against his person on October 23, 2020. (ECF No. 10, at 6–7.) HRRJ has a grievance procedure for inmates to seek relief for an alleged violation of their civil, constitutional, or statutory rights. (ECF No. 39-2, at 4.) HRRJ's grievance procedure requires that, before submitting a grievance, an inmate must attempt to resolve the issue informally. (*Id.* at 5.) If the inmate is not able to satisfactorily resolve the issue informally or by submitting an Inmate Request, he may then file an Inmate Grievance. (*Id.*) Henry never filed an Inmate Grievance regarding the alleged assault by Defendant Dixon. (ECF No. 39-1 ¶ 5.)

## III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits," *id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper

3

exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The record reflects that Henry failed to exhaust his administrative remedies. Accordingly, the Motion for Summary Judgment, (ECF No. 38), will be GRANTED. The action will be DISMISSED.

. An appropriate Final Order will accompany this Memorandum Opinion.

Date: 12 December 2023
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge